IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYRUS SIMPSON, JR.,

          Plaintiff,          Case No. 3:09-cv-143

vs.          Judge Thomas M. Rose

MICHAEL J. ASTRUE,          Magistrate Judge Michael R. Merz
Commissioner of Social Security,

          Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #15) IN ITS ENTIRETY; REVERSING THE COMMISSIONER'S DECISION THAT SIMPSON WAS NOT DISABLED AND REMANDING THIS MATTER TO THE COMMISSIONER FOR THE PAYMENT OF BENEFITS**

_____

      Plaintiff Cyrus Simpson, Jr. ("Simpson") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his application for Social Security disability benefits. On May 7, 2010, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #15) recommending that the Commissioner's decision that Simpson was not disabled be reversed and that this matter be remanded to the Commissioner for the payment of benefits consistent with the Social Security Act. The Commissioner subsequently filed Objections (doc. #16) and Simpson responded to the Commissioner's objections (doc. #17). This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #15) and in the Commissioner's Objections (doc. #16) and Simpson's Response (doc. #17), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, reverses the Commissioner's decision that Simpson was not disabled and remands this matter to the Commissioner for the payment of benefits. Finally, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and*

*Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ determined that Simpson was entitled to only SSI benefits. However, the ALJ's decision that Simpson is not entitled to disability insurance benefits ("SSD") is not supported by substantial evidence.

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order that benefits be granted. If substantial evidence does not support the Commissioner's decision, the Court may reverse and immediately order benefits only if all essential factual issues have been resolved and the record adequately establishes that a plaintiff is entitled to benefits. *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994).

In this case, all of the essential factual issues have been resolved and the record establishes that Simpson is entitled to benefits. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #16) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #15) in its entirety. The Commissioner's decision that Simpson was not

disabled and thus not entitled to SSD benefits is REVERSED. This matter is remanded to the

Commissioner for the payment of benefits consistent with the Social Security Act.

**DONE** and **ORDERED** in Dayton, Ohio, this Tenth Day of June, 2010.

.                                              **s/Thomas M. Rose**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
                                               JUDGE THOMAS M. ROSE
                                               UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record