**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CYRUS SIMPSON, JR.,                    :

                Plaintiff,

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.         :

Case No. 3:09-cv-143

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Amended Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) ("EAJA"). (Doc. 23). The Commissioner has filed an opposition to Plaintiff's Motion. (Doc. 24). The parties have fully briefed the issues, (*Id.,* Doc. 23), and the matter is ripe for Report and Recommendations.

Pursuant to the EAJA, Plaintiff seeks an award of attorney fees in the amount of $4,592.97. (Doc. 20). In support of the Motion, Plaintiff's counsel has provided an affidavit which indicates that counsel spent a total of twenty-seven hours representing Plaintiff in this matter. *Id.*, PAGEID#: 153. Plaintiff does not seek an award for costs and expenses. *Id.*

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. §2412(d)(1)(B), any fee application be presented to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Jones v. Commissioner,* 496 U.S. 154, 158 (1990). EAJA fees are payable to the litigant. *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010).

A review of the procedural history of this matter is appropriate. Plaintiff filed his Complaint in this matter on April 16, 2009, seeking judicial review of the Commissioner's decision denying his application for Social Security Disability benefits (SSD) and his application for Supplemental Security Income benefits (SSI). (Doc. 2). On May 7, 2010, I issued a Report and Recommendations recommending that the Commissioner's decision be reversed and that the matter be remanded to the Commissioner for the payment of benefits consistent with the Act. (Doc. 15). On June 11, 2010, over the Commissioner's Objections, District Judge Thomas M. Rose adopted my Report in its entirety. (Doc. 18). On the same date, the Clerk entered judgment. (Doc. 19). This Motion followed.

As noted above, the Commissioner has opposed Plaintiff's Motion. Essentially, the Commissioner argues that his position was "substantially justified" and therefore Plaintiff is not

2

entitled to an award of EAJA fees. However, there is no dispute that for purposes of the EAJA, Plaintiff is a prevailing party and that he timely filed the present Motion. The Court therefore turns to the question of whether, in the underlying litigation, the Commissioner's position was "substantially justified".

The proper test for determining whether the government's position was substantially justified is whether the "position was justified, both in fact and in law, to a degree that would satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *Jankovich,* 868 F.2d at 869. That the Commissioner did not ultimately prevail in the litigation does not establish that the Commissioner's position was not substantially justified. *Pierce, supra.* The fact that the Commissioner's decision was not supported by "substantial evidence" does not require automatically that the court find that for purposes of an EAJA application the Commissioner's position was not "substantially justified". *Meyers v. Heckler,* 625 F.Supp. 228, 232 (S.D. Ohio 1985)(citation omitted). In other words,, "[t]he fact that this [C]ourt finds a decision of the [Commissioner] not supported by substantial evidence is not equivalent to a finding that the position of the [Agency] was not substantially justified. *Couch v. Sec'y of Health & Human Services,* 749 F.2d 359-60 (6th Cir. 1984).

In recommending that the Commissioner's decision that Plaintiff was not disabled, I noted that the Commissioner gave controlling weight to the opinion of the non-treating, non-examining reviewing physician in determining that Plaintiff was able to perform substantial gainful activity. (Doc. 15, PAGEID#: 108). I also noted that the reviewing physician's opinion was inconsistent with Plaintiff's long-term treating physicians' opinions which were supported by their clinical notes. (Doc. 15, PAGEID#: 109). Finally, I noted that the reviewing physician's opinion

was inconsistent with the examining physicians' findings. *Id.* Essentially, I determined that the Commissioner had failed to properly apply and follow the "treating physician rule" as well as his own regulations.

In opposition to Plaintiff's present Motion, the Commissioner argues that Administrative Law Judge Melvin Padilla properly rejected the opinions of Plaintiff's treating sources because they were not supported by their clinical findings and were inconsistent with the opinions of the reviewing physicians. (Doc. 21, PAGEID#: 139-41). However, those are essentially the same arguments which the Commissioner raised in support of his Memorandum in Opposition [to Plaintiff's Statement of Errors], (Doc. 13), and which I rejected in my Report and which Judge Rose rejected when he adopted my Report.

This Court finds that under these facts, considering the Commissioner's failure to properly follow the "treating physician rule" as well as his own Regulations, the Commissioner's position in the underlying litigation was not "substantially justified" for purposes of the EAJA.

The Court turns to the reasonableness of the requested fee.

The EAJA permits an award of reasonable attorney fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The court should exclude time that is excessive, redundant, or inadequately documented. *Id.* at 433-34. Time spent on secretarial or clerical tasks is not "reasonable" if such tasks are performed by an attorney. *See Missouri v. Jenkins,* 429 U.S. 274, 288 n.10 (1989). Fees associated with training attorneys are not compensable under the EAJA when the fees were not incurred as a result of any actions or positions of the government in the litigation. *See Hyatt v. Barnhart,* 315 F.3d 239, 255 (4th Cir. 2002);

*Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 260 (N.D.Ohio 1995).

The Court has carefully reviewed counsel's affidavit and concludes that the number hours is reasonable, particularly in light of the outcome of the matter. Accordingly, the Court turns to the amount of the requested fee.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in June, 2010, was 217.965. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.39 (217.965 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $173.75 ($125.00 x 1.39). As noted above,

5

Plaintiff seeks an award of $4,592.97 for twenty-seven attorney hours which counsel expended on Plaintiff's behalf in this litigation. That fee represents a fee of $170.11 per hour, which is clearly within the allowable EAJA fee of $173.75 per hour. The Court concludes that under the facts of this case, an EAJA fee of $4,592.97 is appropriate.

There is a remaining issue that this Court must now address.

On October 14, 2010, this Court directed Plaintiff to file an Amended Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d). (Doc. 22). In doing so, I noted that the Supreme Court recently held in *Astrue v. Ratliff,* 560 U.S. ___, ___, 130 S.Ct. 2521, 2524 (2010), that EAJA fees are payable to the litigant rather than the attorney. *Id.*, PAGEID#: 144. I noted further that it was not clear from Plaintiff's original motion for EAJA fees whether it was Plaintiff or his counsel who was moving for an award of EAJA.

In his present Motion, Plaintiff argues that *Ratliff* does not reject the use of an assignment to permit the payment of the EAJA award (minus any federal debt owed) directly to the Plaintiff's attorney. (Doc. 23, PAGEID# 147). In response, the Commissioner essentially argues that *Ratliff* controls and that this Court should not award EAJA fees directly to Plaintiff's counsel. (Doc. 24, PAGEID# 160). The Commissioner's position is that if the Court awards fees under the EAJA, he will evaluate the propriety of directing payment to Plaintiff's counsel pursuant to the assignment. (PAGEID# 161).

On Marcy 17, 2009, Plaintiff executed a "Statement by Claimant Regarding EAJA Fees" which states in part, "I, CYRUS SIMPSON, JR.", hereby assign all right to attorney fees obtained through the Equal Access to Justice Act (EAJA) to Horenstein, Nicholson & Blumenthal, and/or their representatives." (Doc. 23, PAGEID#: 152). The Statement further states that, "any

payment for approved EAJA fees should be made payable to my attorney. I understand that such payment is to be paid by the Government and is not to be paid from Social Security Benefits payable to me." *Id.*

In *Bishop v. Astrue,* No. 3:08CV00375, 2010 WL 4279185 (S.D. Ohio Sept. 29, 2010)(Ovington, M.J.), the Court addressed this same issue, involving the same "Statement by Claimant Regarding EAJA Fees". In resolving the matter, Magistrate Judge Ovington said:

> The EAJA instructs the courts to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action brought ... against the United States." 28 U.S.C. § 2412(d)(1)(A).
>
> In a recent social security case involving the Commissioner's payment of attorney fees under the EAJA, the Supreme Court held: "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff v. Astrue*, ___ U.S. __, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010); see Bryant v. Commissioner of Soc. Sec., 578 F.3d 443, 447 (6th Cir.2009) (same).
>
> The Government asks this Court to consider, under *Ratliff*, that the Court should not require payment of EAJA fees directly to Plaintiff's counsel since this "may circumvent the Debt Collection Improvement Act." (Doc. # 17 at 118). The Government notes that if EAJA fees are awarded, it intends to "evaluate the propriety of directing payment to [Plaintiff's] attorney pursuant to an assignment...." Id. at 119.
>
> Plaintiff argues, "in *Ratliff*, the Supreme Court did not reject the use of an assignment to permit payment of an EAJA award (minus any Federal debt owed) directly to Plaintiff's attorney." (Doc. # 18 at 122). Plaintiff thus seeks an Order directing the Commissioner to pay the EAJA award directly to her counsel of record. Id.
>
> Although Plaintiff has assigned her EAJA award to her attorney (Doc. # 18, Exhibit A), it is not known today whether she owes a debt to the United States. In *Ratliff*, the Supreme Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney. ___U.S. at ___, 130 S.Ct. at 2528-29. The Court further noted that, based on the record before it, "the Government has

7

>since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." Id. at 2529 (internal quotation marks omitted).
>
>Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, "in light of *Ratliff*, ... it [is] a better practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the [G]overnment that may be satisfied, in whole or in part, from the EAJA awards." *Preston v. Astrue*, unpubl. op., 2010 WL 3522156 at *2 (M.D.Fla. Sept.8, 2010). The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it. *Id*. If no such unpaid debt exists, or if EAJA fees remain after a governmental offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney. *Cf. Ratliff*, ___ U.S. at ___, 130 S.Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J., concurring).
>
>Accordingly, in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff should be awarded attorney fees under the EAJA as a prevailing party, and no Order should issue regarding the direction such fees must be paid.

*Bishop,* 2010 WL 4279185 at *4-5.

Neither party filed Objections to the Report and District Judge Rose subsequently adopted Magistrate Judge Ovington's Report in its entirety. *Bishop v. Astrue,* No. 3:09CV00375, 2010 WL 4258861 (S.D. Oct. 21, 2010).

This Court is persuaded by and agrees with Magistrate Judge Ovington's analysis in *Bishop* and concludes that *Ratliff* is controlling despite the "Statement by Claimant Regarding EAJA Fees" which Plaintiff executed in March, 2009.

It is therefore recommended that Plaintiff's Amended Motion for Attorney Fees

8

Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d), (Doc. 23), be granted in the amount of $4,592.97. Consistent with *Bishop,* it is further recommended that in light of Plaintiff's assignment and the lack of information regarding whether he owes a debt to the United States, Plaintiff be awarded the EAJA fees as a prevailing party, and no Order should issue regarding to whom such fees must be paid.

November 17, 2010.

*s/ Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).